**LEWIS BRISBOIS BISGAARD & SMITH LLP**
JOSH COLE AICKLEN
Nevada Bar No. 007254
Josh.Aicklen@lewisbrisbois.com
JEFFREY D. WINCHESTER
Nevada Bar No. 10279
Jeffrey.Winchester@lewisbrisbois.com
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
Telephone: 702.893.3383
Facsimile: 702.893.3789
Attorneys for SADEK BAZARAA and SADEK
BAZARAA. LLC

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SHARONA BAICHMAN, an individual, | Case No. 2:23-cv-01292-CDS-MDC |
| Plaintiff, | **SECOND STIPULATION TO EXTEND DISCOVERY AND MOTION DEADLINES** |
| vs. | |
| SADEK BAZARAA, an individual Defendant. | |

DEFENDANT SADEK BAZARAA, , by and through his counsel of record, the law firm of LEWIS BRISBOIS BISGAARD & SMITH LLP, and PLAINTIFF SHARONA BAICHMAN, by and through her counsel of record, WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP, agree and stipulate to extend all pending Discovery and Motion Deadlines, for good cause, as follows:

(i)     Per the Joint Discovery Plan and Scheduling order filed in this matter [ECF Doc. No. 12], this Stipulation is being filed more than twenty-one (21) days prior to the first Deadline, namely, the Initial Expert Disclosure deadline.

(ii)     Defendant made its Initial Disclosure of Documents and Witnesses on October 31, 2023. Defendant produced its First Supplemental Disclosure of Documents and Witnesses on December 15, 2023. Plaintiff made its Initial

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

Disclosure of Documents and Witnesses on October 30, 2023, and produced its First Supplemental Disclosure of Documents and Witnesses on January 30, 2024. The medical records and bills for past and ongoing medical treatment produced by Plaintiff for Plaintiff's alleged neck injury, including medical records for her pre-existing 2011 neck surgery are voluminous, impacting the parties ability to properly analyze the records with enough time to retain medical and economic damages experts to meet the current initial expert disclosure deadline.

(iii)    The Parties have served on each other and responded to Requests for Production of Documents and Interrogatory Requests. In addition, the Parties are in the process of analyzing the medical records for the purpose of a meaningful meet and confer to discuss Plaintiff's position that she will not sign several medical record and other releases served upon her by Defendant absent an agreement by the parties concerning the relevance and scope of the proposed releases. The relevance and scope will be discussed after a review of the voluminous medical records. The defendant asserts that absent independent access to Plaintiff's medical records, Defendant ability to timely produce an expert report on Plaintiff's damages on or before the current deadline is hindered. This deliberative process is likely to take time that will exceed the original Expert Disclosure Date.

(iv)    Plaintiff initially did not claim any economic loss damages in her Complaint. Plaintiff recently learned from one of her medical providers that she may have to undergo a surgical procedure that Plaintiff claims is related to the accident underlying this matter that may result in Plaintiff's having to miss for an appreciable period of time. Plaintiff filed an Amended Complaint, which Defendant answered. Discovery will need to be conducted on alleged lost earnings.

(v)    Plaintiff recently produced a Third Supplemental disclosure, including a detailed treatment plan created by one of Plaintiff's doctors. Defendant will need to submit said plan to Defendant's doctor(s) for independent evaluation.

(vi)    Plaintiff and Defendant have been in discussion regarding mediation of

this matter. The Parties are in the process of identifying and retaining a mediator. Extending deadlines will provide the Parties with the opportunity to mediate and potentially resolve this matter and potentially avoid additional discovery.

(vii)    This Stipulation is not being filed for the purpose of undue delay or any otherwise improper purpose.

For good reason shown above, and unless this Court orders otherwise, or a party moves to set aside this Order along with a proposed schedule for remaining case deadlines, **the following deadlines will be adjusted by forty-five (45)  days as follows:**

| Scheduled Event | Current Deadline | Proposed Deadline |
| --- | --- | --- |
| Initial Expert Disclosure | *May 15, 2024* | *July 1, 2024* |
| Rebuttal Expert Disclosure | *June 14, 2024* | *July 29,2024* |
| Discovery Deadline | *July 15, 2024* | *August 29, 2024* |
| Dispositive Motion Deadline | *August 13, 2024* | *September 27, 2024* |
| Pre-Trial Order Deadline | *September 12, 2024 (unless dispositive motion filed)* | *October 28, 2024 (unless dispositive motion filed)* |

/ / /

/ / /

/ / /

/ / /

/ / /

Dated this 17th day of April, 2024

Dated this 17th day of April, 2024

**WOLF, RIFKIN, SHAPIRO,
SCHULMAN & RABKIN, LLP**

**LEWIS BRISBOIS BISGAARD &
SMITH LLP**

By: */s/ Douglas Cohen*
    DOUGLAS COHEN
    Nevada Bar No. 1214
    3773 Howard Hughes Pkwy.,
    Suite 590 South
    Las Vegas, Nevada 89169
    *Attorneys for Plaintiff*

By: */s/ Jeffrey D. Winchester*
    JOSH COLE AICKLEN
    Nevada Bar No. 007254
    JEFFREY D. WINCHESTER
    Nevada Bar No. 10279
    6385 S. Rainbow Boulevard,
    Suite 600
    Las Vegas, Nevada 89118
    *Attorneys for Defendant*

## ORDER

IT IS SO ORDERED. The parties must use the correct case number on all future filings.

DATED this __19th__ day of __April_____, 2024.

_____
UNITED STATES MAGISTRATE JUDGE

