1 **LEWIS BRISBOIS BISGAARD & SMITH LLP**
JOSH COLE AICKLEN
2 Nevada Bar No. 007254
Josh.Aicklen@lewisbrisbois.com
3 JEFFREY D. WINCHESTER
Nevada Bar No. 10279
4 Jeffrey.Winchester@lewisbrisbois.com
6385 S. Rainbow Boulevard, Suite 600
5 Las Vegas, Nevada 89118
Telephone: 702.893.3383
6 Facsimile: 702.893.3789
Attorneys for SADEK BAZARAA and SADEK
7 BAZARAA. LLC

### UNITED STATES DISTRICT COURT

### DISTRICT OF NEVADA

| | |
|---|---|
| SHARONA BAICHMAN, an individual, | Case No. 2:23-cv-01292 |
| Plaintiff, | **STIPULATION TO EXTEND DISCOVERY AND MOTION DEADLINES** |
| vs. | |
| SADEK BAZARAA, an individual Defendant. | **(THIRD REQUEST)** |

DEFENDANT SADEK BAZARAA, , by and through his counsel of record, the law firm of LEWIS BRISBOIS BISGAARD & SMITH LLP, and PLAINTIFF SHARONA BAICHMAN, by and through her counsel of record, WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP, agree and stipulate to extend all pending Discovery and Motion Deadlines, for good cause and/or excusable neglect (LR26-3;LR1A6-1), as follows:

(i) As detailed below, this Stipulation is made with good -cause because the complexity and ongoing treatment of Plaintiff by her health care providers, the volume of related medical records, and the pending defense medical examination of plaintiff in Las Vegas, by a California-based physician, scheduled for later this month necessitate extending the deadline for initial expert disclosures, including



141555870.1

the defense medical examination expert report, by forty five days.  Moreover, the Parties have agreed to submit this matter to mediation in an effort to save the Parties' time and expenses, and to seek an early resolution of this case; however, the parties have determined that initial expert reports, including the defense medical examination report,  are required for a meaningful mediation. Plaintiff has produced voluminous medical records and bills for past and ongoing medical treatment including medical records for her pre-existing 2011 neck surgery. Those voluminous records are undergoing review by the California physician retained by Defendant as part of his anticipated defense medical examination of Plaintiff.  That same physician is scheduled to conduct an independent medical examination of Plaintiff on June 25th, 2024.  The Parties are currently negotiating the nature and scope of said examination; however, there was excusable neglect to meet the 21 day requirement for continuing an expert  discovery deadline due to the logistic problems caused by the California physician's schedule and his coordination with Defense counsel to obtain a detailed summary of the Fed.R.Civ.P. 35 proposed parameters of the examination including the amount of examination time involved, and the manner, conditions, and scope of the examination.  As the current initial expert disclosure deadline is July 1, 2024, the defense expert will not have sufficient time to prepare his report as an initial expert disclosure unless deadlines are extended.

(ii) Defendant made its Initial Disclosure of Documents and Witnesses on October 31, 2023. Defendant produced its First Supplemental Disclosure of Documents and Witnesses on December 15, 2023. Plaintiff made its Initial Disclosure of Documents and Witnesses on October 30, 2023, and produced its First Supplemental Disclosure of Documents and Witnesses on January 30, 2024.

(iii) The Parties have served on each other and responded to Requests for Production of Documents and Interrogatory Requests.  The Parties recently resolved their dispute over medical document releases, and Defendant is in the



process of sending out some 19 HIPAA requests for medical records.

(iv) The Parties initially scheduled mediation of this matter, but Defendant asked to cancel mediation until the report on the medical document review and Defense medical examination report is prepared. This extension will allow the parties to engage in meaningful settlement mediation, as it is anticipated that the mediation will focus extensively on the Parties' expert reports.

(v) This Stipulation is not being filed for the purpose of undue delay or any otherwise improper purpose.

For good reasons shown above, and unless this Court orders otherwise, or a party moves to set aside this Order along with a proposed schedule for remaining case deadlines, **the following deadlines will be adjusted by forty-five (45) days as follows:**

| Scheduled Event | Current Deadline | Proposed Deadline |
|---|---|---|
| Initial Expert Disclosure | *July 1, 2024* | *August 15, 2024* |
| Rebuttal Expert Disclosure | *July 29, 2024* | *September 12, 2024* |
| Discovery Deadline | *August 29, 2024* | *October 14, 2024* |
| Dispositive Motion Deadline | *September 27, 2024* | *November 11, 2024* |
| Pre-Trial Order Deadline | *October 28, 2024 (unless dispositive motion filed)* | *December 12, 2024 (unless dispositive motion filed)* |

141555870.1

3

Dated this 14th day of June, 2024

**WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP**

By: /s/   Doualas Cohen
  DOUGLAS COHEN
  Nevada Bar No. 1214
  3773 Howard Hughes Pkwy.,
  Suite 590 South
  Las Vegas, Nevada 89169
  *Attorneys for Plaintiff*

Dated this 14th day of June, 2024

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

By: /s/ Jeffrey D. Winchester
  JOSH COLE AICKLEN
  Nevada Bar No. 007254
  JEFFREY D. WINCHESTER
  Nevada Bar No. 10279
  6385 S. Rainbow Boulevard,
  Suite 600
  Las Vegas, Nevada 89118
  *Attorneys for Defendant*

## ORDER

IT IS SO ORDERED. Approved.  Any future stipulations must include then existing deadlines and make showing of good cause that considerable discovery, including depositions, has been completed.

DATED this __18th__ day of __June__, 2024.

_____
UNITED STATES MAGISTRATE JUDGE

141555870.1

4